UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SADE M. ADONA

                                                                                                           Civil Action No.
                                                                                                            12 CV 7458 (HB)
                                                            Plaintiff,

                  -against-                                  **COMPLAINT AND**
                                                                                                  **JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER LISA
WARING, SERGEANT JOSEPH DIAZ, SERGEANT        **ECF Case**
FIORE BATISTA, JOHN DOE NYPD OFFICERS ##1-5

                                                              Defendant.
------------------------------------------------------------------------- x

      Plaintiff, SADE M. ADONA, by her attorney, STEFAN H. KRIEGER, for her

COMPLAINT against Defendants, alleges the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and the laws of the State of New York.  Plaintiff was deprived of her federal constitutional right to be free from false arrest, excessive force, and malicious prosecution, and her New York State common law right to be free from malicious prosecution when Defendant police officers of the New York Police Department, acting in their official capacity under color of state law, arrested Plaintiff, repeatedly threw her to the ground, beat her with a police baton, held her in custody as she bled from repeated police baton hits, and prolonged a prosecution for nearly three months before finally dismissing a case against her. Plaintiff now seeks damages for the reasons set forth below.

1

## JURISDICTION AND VENUE

2. This action is brought pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and the laws of the State of New York. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), and 1343(a)(4), as this is a civil action arising under the United States Constitution and the laws of the State of New York.  This Court has jurisdiction over the supplemental claims arising under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the claims arose in this district.

## PARTIES

4. Plaintiff SADE M. ADONA ("Plaintiff") is a resident of New York City.  She was marching on the night of October 26, 2011 with supporters of the Occupy Wall Street ("OWS") movement.

5. Defendant CITY OF NEW YORK ("City") is a municipal corporation organized under the laws of the State of New York. The New York Police Department ("NYPD") is an agency of the City and its officers are employees and agents of the City.

6. Defendant LISA WARING, shield #02987 of the Patrol Boro Manhattan South Task Force, is a police officer with the NYPD.  Officer Waring is sued individually and in her official capacity.

7. Defendant JOSEPH DIAZ, shield #04744 of the Patrol Boro Manhattan South Task Force, is a police sergeant with the NYPD.  Sergeant Diaz is sued individually and in his official capacity.

8. Defendant FIORE BATISTA, shield #00238 of the Patrol Boro Manhattan South Task Force, is a police sergeant with the NYPD. Sergeant Batista is sued individually and in his official capacity.

9. JOHN DOE #1 is a large male police officer and employee of the NYPD, the identity of whom is presently unknown to Plaintiff. He is Black and was wearing a gray suit and white collared shirt on the night of October 26, 2011, at the corner of Reade Street and West Broadway. He is sued individually and in his official capacity.

10. JOHN DOE #2 is a large male police officer and employee of the NYPD, the identity of whom is presently unknown to Plaintiff. He is Black or of Hispanic descent and was wearing a black suit, white collared shirt, and blue tie on the night of October 26, 2011, at the corner of Reade Street and West Broadway. He is sued individually and in his official capacity.

11. JOHN DOE #3 is a large male police officer and employee of the NYPD, the identity of whom is presently unknown to Plaintiff. He is White and was wearing a police uniform, and was wearing glasses and a uniform hat on the night of October 26, 2011, at the corner of Reade Street and West Broadway. He is sued individually and in his official capacity.

12. JOHN DOE #4 is a large male police officer and employee of the NYPD, the identity of whom is presently unknown to Plaintiff. He is White and was wearing a police uniform on the night of October 26, 2011, at the corner of Reade Street and West Broadway. He is sued individually and in his official capacity.

13. JOHN DOE #5 is a male officer and employee of the NYPD, the identity of whom is presently unknown to Plaintiff. He is White and was wearing a police uniform on the

night of October 26, 2011, at the corner of Reade Street and West Broadway. He is sued individually and in his official capacity.

14. Photographs of John Does ##1-5 are attached to this Complaint as Exhibits A-I

## ALLEGATIONS

15. Plaintiff joined OWS marchers for a march on the night of October 26, 2011.

16. The march was scheduled to begin at Zuccotti Park and continue around City Hall in New York City.

17. A large number of NYPD officers were present to accompany the marchers.

18. At the intersection of Reade Street and West Broadway, NYPD officers forcefully attempted to divide and restrain the marchers with the use of orange netting.

19. At approximately 10:30 p.m., Plaintiff witnessed two NYPD officers, including Defendant Diaz, forcefully pull marcher Christopher Mapp off of the sidewalk and into the street at Reade Street and West Broadway.

20. A crowd of protestors and officers moved into the street.

21. Plaintiff yelled, "leave him alone" and "get off of him" after seeing NYPD officers grab Christopher Mapp off of the sidewalk and into the street.

22. Doe #3 and #4 isolated and surrounded Plaintiff as she was on the street.

23. Does #3, #4, and #5 were approximately six feet tall and two hundred pounds each.

24. Without provocation, Doe #3 grabbed Plaintiff from behind and attempted to throw her to the ground.

25. Plaintiff attempted to get up, but each time she tried to get off the ground Does #3, #4, and #5 pushed her down onto the asphalt.

26. Plaintiff is only five feet, four inches tall and weighs 140 pounds.

27. Does #1, #2, who were also approximately six feet tall and two hundred pounds each, joined Does #3, #4, and #5 and held Plaintiff down on the ground.

28. Does #3, #4, and #5 held Plaintiff down with knees on her shoulders and knees on each of her legs.

29. Doe #1 held down Plaintiff's head with his boot.

30. Plaintiff immediately felt pain and tension on the side of her head where Doe #1 stood on Plaintiff's face with his boot.

31. Plaintiff felt humiliated because of the way Doe #1 held her head down with his boot.

32. Does #3, #4, and/or #5 twisted Plaintiff's arm and held it behind her back.

33. While on the ground, Defendant Diaz held Plaintiff's ankle down and hit Plaintiff repeatedly in the shin with a police baton.

34. Plaintiff could not move as Defendant Diaz hit her with his baton repeatedly.

35. Plaintiff was terrified and even feared death due to the force and violence used by Does #1, #2, #3, #4, and #5 as they held her down and as Defendant Diaz repeatedly hit her with his baton.

36. After some time, Defendant officers handcuffed Plaintiff.

37. Does #1 and #5 then lifted Plaintiff off the ground by her jacket.

38. Plaintiff was dragged and pushed around as Does #1 and #5 led her to the police truck.

39. Does #1 and #5, two large male officers, then passed Plaintiff off to Defendant officer Waring.

40. Defendant Waring put Plaintiff in the police truck.

41. Officers then transported Plaintiff to the 7th Precinct in the police truck.

42. Plaintiff suffered from an asthma attack that began in the police truck and ended when she reached the holding cell.

43. Plaintiff's asthma attack was caused by the physical pain and anxiety she experienced while Defendant officers held her down and beat her.

44. Although Plaintiff's leg had been throbbing since Defendant Diaz repeatedly hit her with his police baton, the Plaintiff was unable to examine her wound until she reached the holding cell.

45. When Plaintiff took off her shoe, she saw a puddle of blood collecting from her bleeding leg.

46. While in custody, Plaintiff pleaded with officers numerous times to help stop the bleeding.

47. More than three hours after Plaintiff was placed in the holding cell, and after repeated requests for medical attention, the officers finally called Emergency Medical Technicians (EMTs).

48. After examining her, the EMTs transported Plaintiff to Bellevue Hospital to receive care for her wound in the early morning hours of October 27, 2011.

49. The repeated blows from the police baton resulted in multiple wounds and bruises on her shin.

50. At Bellevue Hospital, Plaintiff received three stitches to close one of the lacerations on her shin.

51. Plaintiff described the pain from her shin as a 7 out of 10 ("severe pain") to the doctors at Bellevue Hospital.

52. Plaintiff received antibiotic medication for her laceration.

53. After spending three hours at Bellevue Hospital, Plaintiff was then transferred back to the 7th Precinct.

54. Officers later transported Plaintiff to the Manhattan Criminal Courthouse at 100 Centre Street.

55. Court officers held Plaintiff in custody for over twenty hours before finally being arraigned late in the evening on October 27, 2011.

56. Plaintiff was the last person arraigned and released out of the marchers arrested the night of October 26, 2011.

57. The accusatory instrument prepared by the District Attorney's office for the prosecution of Plaintiff lists Defendant Waring as the deponent.

58. The accusatory instrument charged Plaintiff with one count of obstructing governmental administration (class A misdemeanor), one count of resisting arrest (class A misdemeanor), one count of attempted assault in the third degree (class A misdemeanor), and two counts of disorderly conduct (violations).

59. The accusatory instrument based the charges on the following information from the deponent Defendant Waring:

> Deponent states that deponent is informed by Sergeant Joseph Diaz . . . that informant observed defendant repeatedly kicking him and attempting to kick him while he attempted to arrest separately charged defendant Christopher Mapp . . . Deponent is further informed that defendant attempted to kick Sergeant Fiore Batista . . . . Deponent is further informed that [defendant]* disobeyed repeated commands to move back and disperse from the above described location and continued to resist arrest once informant attempted to place her under arrest.

---

\* The accusatory instrument mistakenly referred to defendant as the "informant."

7

60. After the prosecutor read the allegations, and in response to the accusatory instrument, the judge questioned the source of information contained in the prosecutor's complaint.

61. The prosecutor admitted that he could not answer the judge's questions.

62. The prosecutor offered to put the matter over for a superseding information.

63. The judge then ordered the case adjourned for the prosecutor to get a superseding information.

64. The matter was adjourned to January 12, 2012.

65. Plaintiff was released on her own recognizance.

66. Nearly three months later, at the January 12, 2012 dismissal, the prosecutor stated, "After investigation, the People have determined they will not be able to prove every element of this case beyond a reasonable doubt.  Therefore . . . the People move to dismiss because we cannot prove the case beyond a reasonable doubt."

67. On the People's motion, the matter was then dismissed and sealed.

68. Plaintiff served a timely Notice of Claim on January 26, 2012.

69. More than thirty days have elapsed since the Notice of Claim was filed prior to the filing of this Complaint.

70. On January 31, 2012, the defendant City of New York disallowed Plaintiff's claim, thus refusing to adjust or satisfy the Claim.

71. Contrary to Defendant Waring's allegations, Plaintiff did not kick or attempt to kick Defendant Diaz while he attempted to arrest Christopher Mapp.

72. Contrary to Defendant Waring's allegations, Plaintiff did not attempt to kick Defendant Batista.

73. Contrary to Defendant Waring's allegations, Plaintiff did not disobey repeated commands to move back and disperse from the location.

74. Plaintiff continues to experience tension headaches on the side of her head as a result of the excessive force Defendant Diaz and Does ##1-5 used against her the night of her arrest, October 26, 2011.

75. Plaintiff did not experience these headaches before October 26, 2011.

76. The headaches affect Plaintiff's eyesight and cause her to experience throbbing pain.

77. Two weeks after her arrest, Plaintiff experienced the tension headaches more frequently, with each one lasting about an hour.

78. Plaintiff also experiences vivid dreams and recollections about being held down and beaten by Defendant Diaz and Does ##1-5.

79. Plaintiff cries when she thinks about being held down and beaten by Defendant Diaz and Does ##1-5.

**FIRST CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT**
**RIGHT TO BE FREE OF UNREASONABLE SEARCHES**
**AND SEIZURE – FALSE ARREST**
(Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. §1983)

80. Plaintiff incorporates by reference paragraphs 1-79 as if set forth herein.

81. Defendant John Doe #3 unlawfully seized Plaintiff as she was observing an arrest. With the help of Does #4 and #5, Doe #3 repeatedly pushed her to the ground and held her down against her will. Defendant Diaz then hit her repeatedly with a police baton, further restricting her freedom to leave.

82. Defendant Diaz, Waring, and Does ##1-5 did not have knowledge or reasonably trustworthy information of facts and circumstances that were sufficient to warrant a

9

reasonable belief that Plaintiff committed or was actively committing the offenses listed in paragraph 58.

83. Defendants Diaz, Waring, and Does ##1-5 did not have probable cause to arrest Plaintiff, nor was it objectively reasonable for Defendants Diaz, Waring, and Does # 1-5 to believe that they did have probable cause to arrest Plaintiff for obstruction of governmental administration, resisting arrest, attempted assault in the third degree, and two counts of disorderly conduct.

84. By the conduct described in paragraphs 22-55 and 71-73, Defendants Diaz, Waring, and Does ##1-5 deprived Plaintiff of her clearly established constitutional right to be free from false arrest.

85. Because a reasonable officer would understand that the conduct described in paragraphs 22-55 and 71-73 would violate Plaintiff's rights, Defendants Diaz, Waring, and Does ##1-5 are liable to Plaintiff under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

86. Plaintiff was physically injured as a result of the false arrest and continues to suffer emotional distress.

**SECOND CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT**
**RIGHT TO BE FREE OF UNREASONABLE SEARCHES**
**AND SEIZURE – EXCESSIVE FORCE**
(Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983)

87. Plaintiff incorporates by reference paragraphs 1-79 as if set forth herein.

88. Defendant Diaz and Does ##1-5 grabbed Plaintiff from behind, repeatedly pushed her down, held her down, and hit her repeatedly with a police baton while detaining and arresting her.

89. The conduct described in paragraphs 22-38, 42-52, and 74-79 constitutes excessive force.

90. By the conduct described in paragraphs 22-38, 42-52, and 74-79, Defendant Diaz and Does ##1-5 willfully deprived Plaintiff of her constitutional right to be free from excessive force and are liable to Plaintiff under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

91. Plaintiff was physically injured as a result of the use of excessive force by Defendant Diaz and Does ##1-5 and continues to suffer emotional distress.

### THIRD CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURE – MALICIOUS PROSECUTION
(Fourth and Fourteenth Amendments of the U.S. Constitution, 42 U.S.C. § 1983)

92. Plaintiff incorporates by reference paragraphs 1-79 as if set forth herein.

93. Defendants Waring, Diaz, and Batista, acting willfully and maliciously, commenced and continued a false prosecution against Plaintiff, and caused her to be prosecuted.

94. Plaintiff was subject to significant post-arraignment liberty restraints.

95. The criminal proceedings were terminated in Plaintiff's favor.

96. Defendants Waring, Diaz, and Batista did not have probable cause to arrest Plaintiff.

97. Defendants Waring, Diaz, and Batista did not have probable cause to commence and continue a criminal proceeding against Plaintiff.

98. Defendants' conduct constituted a malicious prosecution of Plaintiff.

99. By the conduct described in paragraphs 55-73, Defendants Waring, Diaz, and Batista willfully deprived Plaintiff of her constitutional right to be free from unreasonable seizures and are liable to Plaintiff under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
(New York State Tort Law Claim)

100. Plaintiff incorporates by reference paragraphs 1-79 as if set forth herein.

101. Defendants Waring, Diaz, and Batista, acting willfully and maliciously, commenced and continued a false prosecution against Plaintiff, and caused her to be prosecuted.

102. The criminal proceedings were terminated in Plaintiff's favor.

103. Defendants Waring, Diaz, and Batista did not have probable cause to arrest Plaintiff.

104. Defendants Waring, Diaz, and Batista did not have probable cause to commence and continue a criminal proceeding against Plaintiff.

105. Defendants' conduct described in paragraphs 55-73 constituted a malicious prosecution of Plaintiff.

## FIFTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

106. Plaintiff incorporates by reference paragraphs 1-79 as if set forth herein.

107. Defendants Waring, Diaz and Batista were engaged in governmental activity as on duty New York City police officers when they, acting willfully and maliciously, commenced and continued a false prosecution against Plaintiff for which there was no probable cause and which terminated in her favor.

108. The Defendants' willful, malicious, and tortious acts described in paragraphs 55-73 were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

109.	As a result of the Defendant Waring, Diaz, and Batista's tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, Plaintiff was damaged.

## **JURY DEMAND**

110.	Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Award Plaintiff damages in an amount to be determined at trial;

2. Award Plaintiff punitive damages for Defendants' willful and malicious violations of Plaintiff's rights;

3. Award Plaintiff reasonable attorneys fees and costs as authorized under 42 U.S.C. § 1988; and

4. Grant such other further and different relief as the Court deems just and proper.

Dated: New York, New York
October 4, 2012

Community Legal Assistance Corp.

_____s/_____
Stefan H. Krieger [SK 1748]
108 Hofstra University
Joan F. Axinn Hall
Hempstead, NY 11549
lawshk@hofstra.edu
(516) 463-6078

Gideon Orion Oliver [GO 8799]
299 Broadway, Suite 806
New York, New York 10007-1901
Gideon@GideonLaw.com
(212) 766-8050

*Student interns Jenelle Devits, Judith Massis-Sanchez, and John McGaffigan assisted in the preparation of this filing.